IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL DUKES, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 16-1085 |
| | ) | Judge Arthur J. Schwab/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| BRIAN V. COLEMAN, *Superintendent SCI Fayette*, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Petition for "Writ of Audita Querela," ECF No. 7, implicitly seeking to challenge the validity of the atate court conviction of Michael Dukes ("Petitioner"), be dismissed pre-service.

## II. REPORT

Petitioner is a state prisoner. Petitioner invokes the All Writs Act as the jurisdictional basis for the present suit, ECF No. 7 at 2.[1] However because the All Writs Act does not confer any jurisdiction on this Court to entertain an implicit attack by Petitioner on his state court conviction, the case must be dismissed pre-service for lack of subject matter jurisdiction. This is so, notwithstanding that Petitioner claims that he is not challenging the "'validity of his state conviction or the duration of his state sentence,' but rather the serious constitutional questions raised by requiring Petitioner to proceed under sections 28 U.S.C. 2244(b)(2)(B)(ii) and 42 Pa.C.S.A. 9543(2)(vi)" in order to attempt to present new evidence of his "actual innocence" and

---

[1] 28 U.S.C. § 1651(a) provides: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

in order to establish his actual innocence. ECF No. 7 at 2.[2] This Petition is simply Petitioner's latest unsuccessful attempt to call into question his 1976 conviction for second degree murder and the sentence of life imprisonment that he is now serving. See, e.g., ECF Nos. 7-1 – 7-5 (exhibits of orders from the United States Court of Appeals for the Third Circuit and from this Court, denying Petitioner relief). See also Dukes v. Zimmerman, No. 1989-cv-496 (W.D. Pa.) (Section 2254 habeas petition dismissed).

A. Discussion

**1. Courts can raise subject matter jurisdiction sua sponte.**

A court always has the inherent power to sua sponte raise its own subject matter jurisdiction. Palmer v. Barram, 184 F.3d 1373, 1377 (Fed. Cir. 1999)("The question of subject matter jurisdiction, therefore, is one that may be raised sua sponte by the court, as it was here, and our jurisdiction to address and decide it is inherent."). See also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)("[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.") (citations omitted). Alternatively, the Court always has inherent power to control its own dockets even apart from considerations of subject matter jurisdiction so as to enable the court to dismiss prior to service improper pleadings. See, e.g., Carroll v. Court of Common Pleas of Allegheny County, No. CIV.A. 07-1707, 2008 WL 426272, at *1 (W.D.Pa. Feb. 14, 2008) ("Pursuant to the court's inherent power to control its own dockets, the court recommends that this petition be dismissed pre-service")(footnote omitted)(citing, Chambers v. NASCO, Inc., 501

---

[2] Petitioner's allegedly "new evidence of actual innocence" consists of evidence in a civil case by the estate of Petitioner's shooting victim, that the medical treatment the victim received after the shooting was negligent and that the medical negligence was the superseding cause of the victim's death and not Petitioner's shooting of the victim.

U.S. 32, 46-47 (1991); <u>Stafford v. United States</u>, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

## 2. Audita Querela does not grant jurisdiction over state court convictions.

To the extent that the case can be characterized as an attempt to file for a writ of audita querela and an implicit attempt to attack his conviction, the case should be dismissed pre-service because the Court lacks subject matter jurisdiction over any such writ.

The writ of audita querela is extremely limited and does not grant subject matter jurisdiction to federal courts to review state court convictions. As explained by one court:

> Petitioner's reference to "audita querela" cannot trump the *Rooker–Feldman* doctrine. Audita querela has been described as "an old common-law writ permitting a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *United States v. Johnson,* 962 F.2d 579, 582 (7th Cir.1992), quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2867, at 235 (1973). *See also Carrington v. United States,* 503 F.3d 888, 890, n. 2 (9th Cir.2007) ("Audita querela, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued").
>
> Audita querela, coram nobis, and some other common law writs, have been expressly "abolished" in federal *civil* cases by Fed.R.Civ.P. 60(e). However, the Supreme Court has held that another ancient writ, coram nobis, can be used, under certain very rare circumstances, to review a judgment in a *federal criminal* case. *United States v. Morgan,* 346 U.S. 502, 506, n. 4 (1954) (explaining that coram nobis, like the post-conviction remedy provided by 28 U.S.C. § 2255, is to be sought by a motion in a criminal case, so Rule 60 of the Federal Rules of Civil Procedure is not directly applicable). Relying on *Morgan,* some federal courts have concluded that audita querela might also be available, in very rare circumstances, as a means of post-conviction review *in federal criminal cases. See e.g., United States v. Reyes,* 945 F.2d 862, 865 (5th Cir. 1991) ("because the Supreme Court in ... [*Morgan* ] held that the writ of coram nobis was still available in criminal proceedings, it is likely that Rule 60(b) did not abolish the writ of audita querela to the extent it might otherwise have been available to attack a criminal conviction"); *United States v. Torres,* 282 F.3d 1241, 1245, n. 6 (10th Cir. 2002) ("the Supreme Court held in ... [*Morgan* ] that the writ of coram

3

> nobis could still be pursued in the criminal contexts under the All Writs Act," and like four other federal circuit courts, "we assume for purposes of this case only that a prisoner may [also] seek a writ of audita querela under the All Writs Act").
>
> It is hardly surprising, however, that Petitioner has not identified any federal court case in which a final *state court* judgment has been reviewed by means of audita querela. Federal courts might, under very unusual circumstances, review a *federal* criminal conviction based on audita querela, but the Court has been unable to find even one federal court case in which a *state* criminal conviction has been reviewed based on audita querela.
>
> Again, *Rooker–Feldman* dictates that final state court judgments are not reviewable in a federal district court, except in habeas corpus actions brought under 28 U.S.C. § 2254. *Skit Intern ., Ltd. v. DAC Technologies of Arkansas, Inc.,* 487 F.3d 1154, 1156 (8th Cir.) ("[t]he United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions"), *cert. denied,* 552 U.S. 991 (2007). The federal habeas statute provides a *unique* means of seeking federal district court review of a state court judgment. Because Petitioner is not presently seeking habeas corpus relief under § 2254, the judgment entered against him in his state court criminal case is not reviewable in federal court.

Jones v. Minnesota, No. CIV.A. 11-2501 JNE, 2011 WL 4947647, at *4-5 (D. Minn. Sept. 28, 2011) (footnote omitted), report and recommendation adopted, No. CIV. 11-2501 JNE/AJB, 2011 WL 4957369 (D. Minn. Oct. 18, 2011) vacated, No. CIV. 11-2501 JNE/AJB, 2011 WL 5248086 (D. Minn. Nov. 3, 2011) and report and recommendation adopted, No. CIV. 11-2501 JNE/AJB, 2011 WL 5248086 (D. Minn. Nov. 3, 2011). See also McCray v. United States, No. 4:09-CR-00519-RBH, 2013 WL 1635572, at *1 (D.S.C. April 16, 2013).

Accordingly, to the extent Petitioner is implicitly attacking his state court conviction by means of the Writ of Audita Querela, he may not do so as this Court lacks jurisdiction over such a Writ of Audita Querela.

### 3. Audita Querela has been abolished in federal civil cases.

Even if Petitioner is not implicitly attacking his conviction, and instead solely seeks to attack the constitutionality of 28 U.S.C. § 2244(b)(2)(B)(ii) and 42 Pa.C.S.A. § 9543(2)(vi) via

4

this suit, he may not do so because, the present action is clearly a federal civil action seeking to attack the constitutionality of a federal statute addressing federal habeas corpus petitions filed pursuant to Section 2254, and the constitutionality of a state statute concerning post-conviction relief in the state courts  As noted above, "[a]udita querela, coram nobis, and some other common law writs, have been expressly 'abolished' in federal *civil* cases by Fed.R.Civ.P. 60(e)."[3] Jones v. Minnesota, 2011 WL 4947647, at *4.  Given that the Writ of Audita Querela has been abolished in federal civil cases, such as the present one, Petitioner cannot use the Writ to challenge the constitutionality of either 28 U.S.C. § 2244(b)(2)(B)(ii) or 42 Pa.C.S.A. § 9543(2)(vi).

### 4. Actual innocence is not a constitutional claim.

Essentially Petitioner claims that the restrictions imposed by 28 U.S.C. § 2244(b)(2)(B)(ii)[4] and 42 Pa.C.S.A. § 9543(2)(vi)[5] on his being able to introduce newly

---

[3] Fed. R. Civ. P. 6(e) provides as follows:

> **Bills and Writs Abolished**. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

[4]  28 U.S.C. § 2244(b)(2)(B)(ii) provides in context as follows:

> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

(…footnote continued)

5

discovered evidence (in order to establish his actual innocence of the crimes for which he was convicted) violate fundamental fairness and other constitutional provisions. However, free standing claims of actual innocence of the crime do not make out a constitutional claim. See, e.g., Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004) "("[i]t has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'") (quoting Herrera, 506 U.S. at 400). Hence, if the claim that "I am actually innocent of the crime and for that reason alone deserve to have my conviction vacated" does not make out a constitutional claim, then any rational restriction on the presentation of newly discovered evidence in order to establish such a non-constitutional claim cannot, *a fortiori*, violate the constitution.

Accordingly, even if Petitioner could use the writ of audita querela, the issues raised are meritless.

To the extent one is needed a Certificate of Appealability should be denied.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the case be dismissed before being served because the Writ of Audita Querela cannot be used in this federal civil case to attack the constitutionality of federal and state statutory restrictions on the presentation of newly discovered evidence in order to establish Petitioner's actual innocence of the crime.

---

> reasonable factfinder would have found the applicant guilty of the underlying offense.

[5] 42 Pa.C.S.A. § 9543(2)(vi) provides that a PCRA petitioner cannot obtain relief based on new evidence of actual innocence unless the conviction resulted from:

> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

6

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: October 17, 2016

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Arthur J. Schwab
United States District Judge

MICHAEL DUKES
AP-3463
S.C.I. Fayette
P.O. Box 9999
LaBelle, PA 15450-0999

All counsel of record via CM/ECF