IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DUKES, | ) |
| | ) Civil Action No. 16-1085 |
| Petitioner, | ) Judge Arthur J. Schwab/ |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| BRIAN V. COLEMAN, *Superintendent SCI Fayette*, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Michael Dukes ("Petitioner") is a state prisoner who filed a Petition for Writ of Audita Querela. ECF No. 1-1.

The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly's Report and Recommendation, ECF No. 8, filed on October 17, 2016, recommended that Petition be dismissed before being served. Essentially, the Report found that this Court lacked jurisdiction over a Petition for Writ of Audita Querela because Petitioner cannot use such a writ to challenge his conviction or to call into question the constitutionality of either the federal habeas statute or Pennsylvania's Post Conviction Relief Act ("PCRA") insofar as they govern claims of newly discovered evidence of actual innocence or insofar as those statutes fail to permit him to properly raise his claim of newly discovered evidence of actual innocence. See ECF No. 9 at 2 ("Petitioner further avers that no adequate remedy at law in federal or state courts exist for false trial testimony that is the sole evidence of guilt on an essential element of the charged crime."). Petitioner was informed that he could file

1

Objections to the Report. Petitioner filed Objections on November 4, 2016. ECF No. 9. Nothing in those Objections merits rejection of the Report or extended discussion.

The Report found that because the Writ of Audita Querela has been abolished in federal civil cases such as this where Petitioner is challenging the constitutionality of the federal habeas statute and the Pennsylvania PCRA statute, the Court lacks jurisdiction over the Petition. ECF No. 8 at 4 – 5. Petitioner objects to the Report's determination that this Court lacks jurisdiction over the Petition. He contends that "[g]iven the particular facts of petitioner's case, there is no adequate remedy at law in habeas corpus. Thus, material false trial testimony falls through the gap of the current system of post-conviction relief." ECF No. 9 at 4. Even if it were true that "false trial testimony cases fall through the gaps of the current system of post-conviction relief[,]" it is not for this Court to extend its jurisdiction to fill in those gaps, as Petitioner implicitly invites this Court to do, since he does not and cannot deny the fact that Writs of Audita Querela have been abolished in federal civil cases. See, e.g., Wilson v. Pennsylvania Attorney Gen., No. CV 15-1556, 2016 WL 4642994, at *2 (W.D. Pa. Sept. 7, 2016) ("All of the cases cited by the Petitioner in support of the proposition that federal courts can fill in the gaps [in post conviction review of state court convictions] are cases dealing with federal prisoners, seeking post conviction relief from their federal convictions and/or sentences. While federal courts may well have jurisdiction under the All Writs Act and under federal criminal common law to fill in the gaps of federal post conviction relief for federal prisoners, it is an entirely different matter to say that federal courts can expand their subject matter jurisdiction to do so with respect to state court convictions and federal review of those state court convictions.").

Petitioner objects to the Report's conclusion that a Writ of Audita Querela cannot review state court convictions because there is not even one federal case permitting it. ECF No. 9 at 7.

This particular objection points out the fundamental problem with Petitioner's arguments. Either Petitioner is challenging his state court conviction, which is only permitted by habeas, or he is challenging the constitutionality of the federal habeas statute and the Pennsylvania PCRA statute in this civil action. If the former, then a Section 2254 habeas petition is his sole remedy and this Court lacks jurisdiction via the Writ of Audita Querela. Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254."). If the latter, then the Report is clearly correct that the Writ of Audita Querela has been abolished in federal civil cases such as this. In either event, the outcome is clear, Petitioner cannot prevail.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 9th day of November 2016,

IT IS HEREBY ORDERED that the Objections are overruled and the Petition is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 8, filed on October 17, 2016, by Chief Magistrate Judge Kelly, is adopted as the opinion of the Court as supplemented by this Order. To the extent one is required, a certificate of appealability is DENIED as jurists of reason would not disagree with the analysis of the Report.

The Clerk is to mark the case CLOSED.

s/Arthur J. Schwab_____<br>
Arthur J. Schwab<br>
United States District Judge

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge


MICHAEL DUKES
AP-3463
S.C.I. Fayette
P.O. Box 9999
LaBelle, PA 15450-0999

All counsel of record via CM/ECF